# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA,
Respondent.

VS.

MYRA SANCHEZ-RODRIGUEZ,
Defendant.



CASE NO.: 3:14-CR-00112-B(5)

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 10 2020
CLERK, U.S. DISTRICT COURT
By _____ Deputy

## MOTION FOR REDUCTION IN SENTENCE PURSUANT TO THE FIRST STEP ACT 2018 SECTION 603 FOR COMPASSIONATE RELEASE

### I. INTRODUCTION:

NOW COMES the Defendant MYRA SANCHEZ-Rodriguez pro-se, here in known as the Defendant to humbly move this Court for a reduction in her sentence pursuant to the First Step Act 2018 section 603 under 18 USC section 3582(c)(1)(A) for compassionate release. Defendant asserts that due to her medical conditions, inadequate medical care, the Bureau of Prisons (BOP's) decision not to affectively apply A.G. BARR's

Page 1 of 11

directive to immediately release inmates, COVID-19's extraordinary and compelling circumstances, and defendant's extraordinary rehabilitation warrants her a reduction in sentence.

## II. PROCEDURAL HISTORY:

Defendant was indicted on charges of possession of a controlled substance with intent to distribute violating of 21: 841(A)(1). IN _____, Defendant plea guilty to one count of possession of a controlled substance with intent to distribute. The District Court sentenced Defendant to 120 months' imprisonment, a three-year term of supervised release and a $100 special assessment.

The defendant will provide the Court with a fully detailed account of her medical history, with supporting documents as basis for consideration of a sentencing reduction under compassionate release. For the foregoing reasons, and those that are further explained defendants' motion should be GRANTED. Defendant's sentence should be reduced to time served.

## III. DISCUSSION:

UNDER 18 USC 3582(c): Modification of an imposed term of imprisonment. The Court may not modify a term of imprisonment once it has been imposed except that —

(1) in any case —

Page 2 of 11

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendants' behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release), after considering the factors set forth in section 3553 (a) [18 USC section 3553(a)] to the extent that they are applicable if it finds that —

(I) extraordinary and compelling reasons warrant such a reduction,

    The First Step Act of 2018 has amended the procedural requirements for such a motion. An inmate need not depend on the Bureau of Prisons to seek compassionate release if the inmate meets certain requirements see 18 USC 3582(c)(1)(A). By statute, a court must also consult the sentencing factors set forth in 18 USC Section 3553(a). Finally, a court must determine that such a reduction reflects the applicable policy statements issued by the United States Sentencing Commission. The Commission's policy statement for compassionate release is found in section 1B1.13 of the Sentencing Guidelines, which echoes the statutory requirements and requires that the defendant is not a danger to the safety of any other person or to the community, as

provided in 18 USC Section 3142(g) Application Note Section 1B1.13 explains that an inmate's medical conditions may constitute extraordinary and compelling circumstances for compassionate release. The Application Note also contains a residual clause to provide relief for other "extraordinary and compelling reasons" See Section 1B1.13(1)(D) known as the catchall provision.

## IV. ARGUMENT:

### A. Defendant's medical conditions and inadequate medical are extraordinary and compelling.

In the face of this COVID-19 pandemic, Defendant asserts that her medical conditions are serious risk factors as determined by the CENTER for DISEASE CONTROL (CDC), and with the inadequate medical care at FCI Aliceville, should be considered an extraordinary and compelling circumstance under the substance of subdivision (A) & (D) of 1B1.13 medical conditions and the catch all provisions see (United States V. Vllings NO. 1:10-CR-00406 N.D. GA. May 12, 2020.) The Application Notes to section 1B1.13 explains that an inmate medical condition may constitute "extraordinary and compelling" circumstance for compassionate release. (United States V. Cantu, 423 F. Supp 3d 345, 349 (S.D. Texas 2019) citing 28 USC section 994 (+))....("The defendant's very serious medical conditions warrant a reduction of sentence under the catch all provision of subdivision (D), especially in the light of the COVID-19 health crisis") citing (United States V. Jackson NO 4:14 CR 00576 (SD Texas Apr 23, 2020)

Defendant is being treated for High Blood Pressure. Since arriving at FCI Aliceville, Defendant has received inadequate medical care. Defendant has made numerous trips to sick call to report abnormal heart beats, dizziness, fatigue, headaches, hard of breathing, and etc and was told to look at the call out (where names are placed for Appointments) which never happen. Defendant has written many cop outs (Administrative request,) sick call medical sheets and even reprimated for her continous visits to sick call.

Defendant's medical condition of high blood which has been determined by the CDC, Center for Disease Control, as a serious risk factor heightens her risks to contract COVID-19 and puts her at a higher risk, even death if she contracts COVID-19. Early research shows that people with high blood pressure are more likely: 1. to get COVID-19, 2. have worse symptoms, 3. die from the infection. People with high blood pressure are also slightly more likely to die from corona virus. Their risk is about 6% higher than the overall population. A weaker immune system is one reason why. Defendant's high blood pressure falls within this high percentage rate, and with inadequate medical care; Defendant 120 month sentence could possibly during COVID-19 pandemic be turned into a death sentence.

FCI Aliceville is known for their inadequate medical care. There is well documented history of their inadequacies. See Beck v. Hurwitz, No.: 1:19-cv-488 May 21, 2019. Patricia Bradley is still the warden at FCI Aliceville and not much has changed regarding the Medical Dept.

Defendant asserts due to her medical conditions and FCI Aliceville's inadequate medical care, contracting COVID-19 in such an environment could be devasting, even life threatening. As far as reported, there are 10 known cases of COVID-19 at FCI Aliceville, 6 inmates and 4 staff's members, and the spread of COVID-19 once inside a prison is exponential. To date there have been over 80 inmate deaths in the BOP regarding COVID-19, and these numbers are expected to increase due to a spike of cases that has been recorded in 21 states as of June 11, 2020. Reports have shown from June 1st - 7th alone, the BOP's active corona virus count jumped 20% from 1,689 sick inmates to 2,040. Staff infections ticked up from 177 to 184, and the number of BOP Facilities reporting the virus jumped 7%, from 56 to 60. Cumulative inmate COVID-19 death increases last week from 69 to 81.

  With COVID-19 already inside the facility, to not grant the defendant's request would produce unfairness. Courts have already recognized that FCI Aliceville requires judical oversight in regard to their medical department. ("Absent Judicial oversight, [Defendant] is unlikely to receive better treatment at FCI Aliceville") citing <u>United States v. Beck (NO.: 1:13-CR-186-6) (M.D.N.C June 28, 2019)</u>, the Beck court determined that; ("Continued detention in BOP custody poses an unacceptable risk to [defendants'] health and life, and constitutes extraordinary and compelling circumstances under subdivision D of Application Note C.F.

  As stated COVID-19 produces unfairness to an inmate in an environment where there is inadequate medical care, especially

for an inmate whose immune compromising medical conditions such as high blood pressure could produce death if COVID-19 is contracted. Not only is this unfair but courts have held that it is also "cruel and unusual punishment." This is a violation of defendants' constitutional right under the Eightth amendment. ("People with a serious cardiovascular condition also could face a case fatality rate as high as 7-10%. If they contract COVID-19 and leaving them in an environment where its simply not possible to keep their distance, and thus keep themselves safe, is cruel and unusual" citing Wilson v. Williams (No. 4:20-CV-0079) (N.D. Ohio May 19, 2020))

### B. BOP's misapplication of AG Barr's directive.

Defendant asserts that the BOP misapplication of A.G. William Barr's directive to immediately release inmates with serious conditions under the CARES ACT, increases her chances of contracting COVID-19 and should be considered "extraordinary and compelling." Based upon the findings of Attorney General Barr, who determined that emergency conditions are materially affecting the function of the Bureau of Prisons. In a memorandum dated April 3, 2020, AG Barr has stated: "While the BOP has taken extensive precautions to prevent COVID-19 from entering its facilities and infecting our inmates, those precautions like any precautions, have not been perfectly successful at all institutions. I am directing you to review all inmates that have COVID-19 risk factors, as established by the CDC... Given the speed that this disease has spread to the general public, it is clear that time is of

essence. Please implement this memorandum as quickly as possible." At that time seven federal prisoners had died, and the tallies of infected inmates and prison staff have grown daily. We have seen over 3,000 infected, and over 50 deaths nearly two months from the date of AG BARR's April 3rd Memorandum.

C. COVID-19 is "Extraordinary and Compelling."

Courts have determined COVID-19 to be extraordinary and compelling in our prisons warranting sentence reductions. ("The circumstances faced by our prison system during this highly contagious, potentially fatal global pandemic are unprecedented. It is to no stretch to call this environment extraordinary and compelling") citing (United States v. Foster, No. 1:14-CR-324-02 (M.D. PA Apr. 3, 2020)); see (United States v. Ullings, N.D. GA MAY 2020)("the court need not further document the extraordinary and unprecedented challenges this country faces in its' battle with the virus. They are known to nearly everyone."); see also (United States v. Kelly (S.D. Mass May 2020)("given the steady growing death toll and the apparent continued spread of the disease... COVID-19 creates an extraordinary and compelling reason potentially warranting a reduced sentence") COVID-19 is extraordinary and compelling, and with defendant's medical condition warrants a reduction in her sentence, to not recognize these circumstances presented before the court would subject defendant to undo risk, and could cause irreparable harm.

## D. Extraordinary Rehabilitation:

Defendant has shown extraordinary rehabilitation. Even with all these complications, defendant has done an extraordinary job rehabilitating herself over the past 6 years. Obtaining many certificates in different subjects and trades. ("defendant has obtain a college degree, has received numerous awards and citations .... Extraordinary cases require extraordinary care and sometimes extraordinary relief" citing United States vs. Marks No. 03-CR-6033 (WDNY Mar. 14, 2019)). This court has commended defendants' demonstrated rehabilitation, "Thus, Defendant's demonstrated rehabilitation, while commendable" see (courts April 14, 2020 or at 3);

## V. CONCLUSION:

Although it may appear that cases in our nation are diminishing, it doesn't take away from the catastrophe that COVID-19 has caused, and can cause until there is a vaccine, or a cure for the COVID-19 virus, it will always pose a serious threat to our prisons. Defendant's medical conditions, inadequate medical care, misapplication of the CARES Act, COVID-19 and defendants' extraordinary rehabilitation warrant a reduction in sentence to time served and immediate release. Defendant has served over 6 years of her sentenced and 6 years is significant punishment. See United States v. Lenagh, No 8:07 CR 346, 2009 US. Dist. Lexus 9226, 2009 WL 2966999, at * (D. Neb Feb. 6, 2009) ("A sentence of 24 months is a significant sentence,

especially to an offender who has never been incarcerated at all.") Defendant meets the requirements set out in 3553(a) which support a sentence reduction, she poses little risk of recidivism with appropriate supervision, she is not a danger to anyone, and with all the exposure to defendant's crime, arrest, and sentence; adequate deterrence to criminal conduct has been fulfilled. Defendant has served the better part of her sentence with serious nagging medical conditions and with inadequate medical care, means that her sentence has been much more laborious than that served by most inmates. Adding to defendant's condition the threat of COVID-19, further incarceration would be greater than necessary to serve the purposes of punishment set forth in 3553(a)(2). With all that has been stated, defendant humbly request this court to reduce her sentence to time served.

Sanchez Myra
MYRA SANCHEZ-RODRIGUEZ
#47846-177

DATE 06-26-2020

# CERTIFICATE OF SERVICE:

I, MYRA SANCHEZ-RODRIGUEZ, upon my oath before God, hereby declare under any applicable penalties, that the foregoing is true and correct to the extent of my knowledge, and a copy of this MOTION FOR REDUCTION IN SENTENCE PURSUANT TO THE FIRST STEP ACT 2018 SECTION 603 FOR COMPASSIONATE RELEASE WAS placed in the FCI Aliceville Institutional mailbox and delivered to:

THE DISTRICT CLERK of THE NORTHERN DISTRICT of TEXAS

ADDRESS
47846-177
U S Court
1100 Commerce ST
Dallas, TX 75242
United States

Humbly submitted and executed on this 06 day of 26, 2020.

Sanchez Myra
MYRA SANCHEZ-RODRIGUEZ
#47846-177

Page 11 of 11

DATE REVIEWED: 12-10-19

INSTITUTION: ALI UNIT: A-3

INMATE NAME: SANCHEZ-RODRIGUEZ, MYRA        REG NO: 47846-177

FIRST STEP ACT (Circle One):   **ELIGIBLE** / INELIGIBLE

RECIDIVISM RISK LEVEL (Circle One):   **MINIMUM**   LOW   MEDIUM   HIGH

Myra Sanchez Rodriguez
#47846-177
FCI Aliceville
PO Box 4000
Federal Correctional
Aliceville Al 35442





Judge Boyle
US Court
1100 Commerce ST
Dallas Tx 75242