UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0112-B-5 |
| | § | |
| MYRA SANCHEZ-RODRIGUEZ, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Myra Sanchez-Rodriguez's Motion for Reduction in Sentence Pursuant to the First Step Act 2018 Section 603 for Compassionate Release (Doc. 303). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

Myra Sanchez-Rodriguez pleaded guilty to possession with intent to distribute a controlled substance. Doc. 186, J., 1. On December 11, 2014, she was sentenced to 120 months of imprisonment and three years of supervised release. *Id.* at 1–3. She is currently held at Aliceville Federal Correctional Institute (FCI) with a projected statutory release date of September 11, 2022.[1] As of August 26, 2020, Aliceville FCI has twenty active cases of COVID-19, with twelve cases among inmates and eight among staff. Aliceville FCI also reports nineteen recovered cases.[2]

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/.

[2] The BOP's COVID-19 case website is available at https://www.bop.gov/coronavirus/ (last visited Aug. 26, 2020).

-1-

On August 10, 2020, Sanchez-Rodriguez filed her Motion for Reduction in Sentence Pursuant to the First Step Act 2018 Section 603 for Compassionate Release (Doc. 303). In her motion, she requests a reduction in sentence in light of the COVID-19 pandemic. Doc. 303, Def.'s Mot., 4. She asserts that "her medical conditions," "FCI Aliceville's inadequate medical care," and the BOP's failure to effectively implement a directive issued by Attorney General William Barr warrant her compassionate release. *Id.* at 6. The Court addresses her motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

The Court finds that Sanchez-Rodriguez has not exhausted her administrative remedies at the BOP. And even assuming she had, § 3582 does not warrant a sentencing reduction based on the merits of Sanchez-Rodriguez's motion.

A.     *Sanchez-Rodriguez Has Failed to Provide Proof of Exhaustion of Administrative Remedies.*

A defendant may bring a motion for compassionate release under § 3582(c)(1)(A) only after she has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).

In her motion, Sanchez-Rodriguez does not address whether she has made a request for compassionate release to the warden of her facility. *See generally* Doc. 303, Def.'s Mot. Though she does attach a form to her motion, this form is dated December 10, 2019, and it makes no reference to compassionate release. *See id.* at 12. Instead, the form appears to be an evaluation indicating that Sanchez-Rodriguez, as of last December, is "[e]ligible" for the First Step Act and has a "minimum" recidivism risk. *Id.* Accordingly, Sanchez-Rodriguez has not provided any proof of a compassionate-release request to the warden, and she thus has not satisfied § 3582(c)(1)(A)'s exhaustion requirement.

Due to Sanchez-Rodriguez's failure to meet the exhaustion requirement under § 3582(c)(1)(A), the Court **DENIES** Sanchez-Rodriguez's motion for compassionate release **WITHOUT PREJUDICE** to re-filing upon exhaustion of all administrative appeals or a thirty-day lapse from the warden's receipt of her request.[3]

---

[3] The Court recognizes that some district courts have excepted the exhaustion requirement under specific circumstances. *See United States v. Jackson*, 2020 WL 3455131, at *2 (N.D. Tex. June 5, 2020), *R. & R. adopted by* 2020 WL 3452284 (N.D. Tex. June 24, 2020) (explaining the split between district courts on whether the exhaustion requirement may be waived). But the Court need not consider the propriety of such an exception here, because as explained in the Court's discussion of the merits of Sanchez-Rodriguez's motion, Sanchez-Rodriguez has not shown extraordinary and compelling reasons for release.

B.  *Regardless of Sanchez-Rodriguez's Failure to Satisfy the Exhaustion Requirement, Sanchez-Rodriguez's Motion Fails to Provide Extraordinary and Compelling Reasons Warranting Compassionate Release.*

Sanchez-Rodriguez has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable here—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. 1.[4] However, since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019). These courts "consider[ ] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *7–8). The Court will do the same here.

In light of the COVID-19 pandemic, Sanchez-Rodriguez claims that her health conditions, her facility's inadequate medical care, and the BOP's alleged failure to release inmates in accordance with a directive from the Attorney General constitute extraordinary and compelling reasons for a sentence reduction. Doc. 303, Def.'s Mot., 1–2.

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" the three circumstances set for above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. 1(D). Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

As a preliminary matter, the general circumstances of the COVID-19 pandemic do not form a basis for compassionate release. The Court recognizes the unprecedented nature of COVID-19 and understands Sanchez-Rodriguez's fear of contracting the virus. Nevertheless, incarcerated individuals nationwide face Sanchez-Rodriguez's same circumstances. Thus, general statistics related to COVID-19 within the federal prison system fail to demonstrate extraordinary reasons specific to Sanchez-Rodriguez. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements"). Likewise, Sanchez-Rodriguez's general assertion that the BOP has misapplied the Attorney General's directive does not demonstrate "extraordinary and compelling reasons" specific to Sanchez-Rodriguez. *See* § 3582(c)(1)(A).

With respect to Sanchez-Rodriguez's individual circumstances, Sanchez-Rodriguez indicates that she "is being treated for High Blood Pressure," and this condition "heightens her risks to contract COVID-19 and puts her at a higher risk, even death if she contracts COVID-19." Doc. 303, Def.'s Mot., 5. She further asserts that "she has made numerous trips to sick call" for symptoms such as dizziness and difficulty breathing, but she is instructed to make an appointment, and the appointment "never happen[s]." *See id.* Aliceville FCI, she explains, has a reputation for "inadequate medical care." *Id.*

But Sanchez-Rodriguez has not submitted any medical documentation demonstrating the existence and severity of her high blood pressure to show how it would put her at a greater risk of severe symptoms should she contract COVID-19. *See generally id.* Though she indicates that she "will provide the Court with a fully detailed account her medical history," *id.* at 2, she has not done so. With no medical records from Sanchez-Rodriguez, the Court cannot take Sanchez-Rodriguez's

allegations of high blood pressure as "extraordinary and compelling reasons" for compassionate release. § 3582(c)(1)(A).

Nor do Sanchez-Rodriguez's allegations of inadequate medical care rise to the level of extraordinary and compelling. Although Sanchez-Rodriguez describes how she must make an appointment to receive care, Doc. 303, Def.'s Mot., 5, she has not explained how Aliceville FCI's medical services are inadequate to manage her high blood pressure. Rather, Sanchez-Rodriguez focuses on other courts' 2019 analyses with respect to Aliceville FCI. *Id.* at 6 (citation omitted). These general complaints from Sanchez-Rodriguez about FCI Aliceville do not give rise to extraordinary reasons for release.[5]

Overall, Sanchez-Rodriguez's allegations do not convince the Court that she faces "extraordinary and compelling reasons" for her release. *See* § 3582(c)(1)(A). Accordingly, the Court **DENIES** Sanchez-Rodriguez's motion **WITHOUT PREJUDICE** to re-filing.

---

[5] The Court notes that Sanchez-Rodriguez also asserts an Eighth Amendment violation. Doc. 303, Def.'s Mot., 7. An Eighth Amendment claim of insufficient medical care requires a showing that prison "officials acted with 'deliberate indifference to serious medical needs.'" *Lewis v. Goodwin*, 810 F. App'x 332, 333 (5th Cir. 2020) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). An "official acts with deliberate indifference only if 'the official knows of and disregards an excessive risk to inmate health or safety; the official must . . . be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must . . . draw the inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Sanchez-Rodriguez's allegations do not demonstrate deliberate indifference.

And in any event, when considering compassionate release, the relevant inquiry is whether there are "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A). Insofar as Sanchez-Rodriguez seeks judicial review of her conditions of confinement *regardless* of her compassionate-release request, the proper vehicle for asserting an Eighth Amendment claim is a civil rights lawsuit. *Melot v. Bergami*, —F.3d—, 2020 WL 4782058, at *2 (5th Cir. 2020) (citations omitted).

IV.

CONCLUSION

To the extent Sanchez-Rodriguez requests compassionate release under § 3582(c)(1)(A), she has not satisfied the exhaustion requirement. In addition, Sanchez-Rodriguez has not shown extraordinary and compelling reasons for compassionate release. For both of these reasons, the Court **DENIES** her motion (Doc. 303) **WITHOUT PREJUDICE.**

By denying Sanchez-Rodriguez's motion without prejudice, the Court permits her to file a subsequent motion for compassionate release in the event that she can prove: (1) that she has exhausted her administrative remedies under § 3582(c)(1)(A), and (2) that her circumstances rise to the level of extraordinary and compelling.

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. *See* § 3582(c)(1)(A). Due to Sanchez-Rodriguez's failure to show extraordinary and compelling reasons for release, the Court need not conduct a § 3553 analysis today.

**SO ORDERED.**

**SIGNED: August 27, 2020.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE